UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| KEVIN MCNAMARA, | Civil Action No. 16-0841 (MCA) |
| Plaintiff, | |
| v. | |
| LT. SCOTT BUEHLER, et al., | OPINION |
| Defendants. | |

**ARLEO, United States District Judge:**

## I. INTRODUCTION

This matter having been opened to the Court by Plaintiff's filing of a Complaint pursuant to 42 U.S.C. § 1983 and an application to proceed *in forma pauperis* ("IFP"). The Court grants Plaintiff's IFP application. Plaintiff's Complaint alleges that the Defendants violated his civil rights in connection with his arrest and subsequent prosecution for Burglary. At this time, the Court must review the Complaint, pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons expressed in this Opinion, the Complaint shall proceed in part and be dismissed in part at this time.

## II. FACTUAL BACKGROUND

Plaintiff's *pro se* Complaint, which is dated February 3, 2016, is not a model of clarity but appears to allege that on April 21, 2010, Lt. Scott Buehler, Det. Joseph Anderson, and Det. C. Cunningham planted a pair of gloves in the backyard of a burglarized residence in Montclair in

1

an attempt to frame Plaintiff. He further alleges that on the same date, "Lt. Buehler led Det. Anderson to believe that the planted gloves contained . . . Plaintiff's DNA." *Id.* at page 5.) On the same date, Defendant Anderson allegedly committed perjury to obtain a warrant to arrest Plaintiff. (*Id.*)

According to the Complaint and attached exhibits, a lab report performed in August 2010 determined that no conclusion could be reached as to whether Plaintiff was a possible contributor to the DNA found on the gloves. (*Id.* at 5, 9; see also ECF No. 1-1, at 3.) Plaintiff appears to allege that this lab report was not provided to him until years later. (*Id.*) The Complaint further alleges that in January or February of 2013, Assistant Prosecutor Kenneth Strait withheld the allegedly exculpatory lab report from Plaintiff in an effort to get Plaintiff to accept a guilty plea. (*Id.* at 8.) The Complaint states that the report was not included until Plaintiff "voiced a strong objection at a video conference in Feb[ruary] of 2013." (*Id.*) Plaintiff's lawyers were subsequently provided with the lab report. (*Id.*) Plaintiff alleges that in March 2015, he "was vindicated" of the charges, but provides no other details.

Plaintiff has also attached to his Complaint a document entitled "Case Data Sheet," which contains several entries related to the gloves, including the following entry: "On 8/23/2010, I received a DNA lab report letter from the Hamilton, N.J. Lab, stating, "No conclusion could be reached concerning a possible contributor to the DNA profile(s) obtained from the specimen(s) examined." (ECF No. 1-1, at page 1.) The report is signed by Detective William V. Coad, who is named as a Defendant in this action. (*Id.*) The Complaint alleges that Defendant Coad, "knowing [Plaintiff] was vindicated of the false charges in March 2015[,] filed the case as solved and a match to [Plaintiff] in the N.J.S.P. Codis Casework DNA Data Exchange." (ECF No. 1, Compl. at 7.)

The Complaint also states that "[t]he Township of Montclair, N.J. employed the Defendants. As such, Montclair failed to screen, train, and properly supervise them." (ECF No. 1, Compl. at page 8.) Plaintiff seeks damages from each Defendant for the alleged violations of his constitutional rights. (*Id.* at page 6.)

### III. <u>STANDARD OF REVIEW</u>

Under the PLRA, district courts must review complaints in those civil actions in which a person is proceeding *in forma pauperis*, See 28 U.S.C. § 1915(e)(2)(B). The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.* "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 28 U.S.C. § 1997e(c)(1)); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)).

Here, Plaintiff's Complaint is subject to screening under 28 U.S.C. § 1915(e)(2)(B) and § 1915A. When reviewing a motion to dismiss under Fed. R. Civ. P. 12(b)(6), courts first separate the factual and legal elements of the claims, and accept all of the well-pleaded facts as true. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210–11 (3d Cir. 2009). All reasonable inferences must be made in the plaintiff's favor. *See In re Ins. Brokerage Antitrust Litig.*, 618 F.3d 300, 314 (3d Cir. 2010). The Complaint must also allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the

3

court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

Courts are required to liberally construe pleadings drafted by *pro se* parties. *Tucker v. Hewlett Packard, Inc.*, No. 14-4699 (RBK/KMW), 2015 WL 6560645, at *2 (D.N.J. Oct. 29, 2015) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). Such pleadings are "held to less strict standards than formal pleadings drafted by lawyers." *Id.* Nevertheless, pro se litigants must still allege facts, which if taken as true, will suggest the required elements of any claim that is asserted. *Id.* (citing *Mala v. Crown Bay Marina*, Inc., 704 F.3d 239, 245 (3d Cir. 2013)). To do so, [a plaintiff] must plead enough facts, accepted as true, to plausibly suggest entitlement to relief." *Gibney v. Fitzgibbon*, 547 F. App'x 111, 113 (3d Cir. 2013) (citing *Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012)). Furthermore, "[l]iberal construction does not, however, require the Court to credit a pro se plaintiff's 'bald assertions' or 'legal conclusions.'" *Id.* (citing *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997)). That is, "[e]ven a *pro se* complaint may be dismissed for failure to state a claim if the allegations set forth by the plaintiff cannot be construed as supplying facts to support a claim entitling the plaintiff to relief. *Id.* (citing *Milhouse v. Carlson*, 652 F.2d 371, 373 (3d Cir. 1981)).

### IV.   ANALYSIS OF PLAINTIFF'S § 1983 CLAIMS

The Court construes Plaintiff to raise several claims pursuant to 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must show that the defendant, through conduct sanctioned under the color of state law, deprived [him or] her of a federal constitutional or statutory right." *Gruenke v. Seip*, 225 F.3d 290, 298 (3d Cir. 2000). Plaintiff's Amended Complaint alleges claims for false arrest, false imprisonment, conspiracy, and malicious prosecution against the

4

individual Defendants in connection with his arrest and prosecution for the 2010 burglary. Petitioner also attempts to allege a *Monell* claim against the Township of Montclair. The Court addresses each of these claims in turn.

### a. False Arrest and Imprisonment Claims and Related Conspiracy Claims

It appears from the face of the Complaint that Plaintiff's false arrest and false imprisonment claims arising from his arrest on Burglary charges in 2010 are time barred. The state statute of limitations for personal injury actions applies to all Section 1983 claims. *Wilson v. Garcia*, 471 U.S. 261, 280 (1985). In New Jersey, the applicable statute of limitations period is two years. *Cito v. Bridgewater Twp. Police Dept.*, 892 F.2d 23, 25 (3d Cir. 1989); *see* N.J.S.A. 2A:14-2 (New Jersey statute of limitations of 2 years for "actions for injury to persons by wrongful action,"). Although the statute of limitations period is borrowed from the law of the forum state, federal law governs the accrual of such an action. *Wiltz v. Middlesex County Office of Prosecutor*, 2006 WL 1966654, at *4 (D.N.J. Jul. 12, 2006) (citations omitted).

"To state a claim for false arrest under the Fourth Amendment, a plaintiff must establish: (1) that there was an arrest; and (2) that the arrest was made without probable cause." *James v. City of Wilkes–Barre*, 700 F.3d 675, 680 (3d Cir. 2012). The Supreme Court has determined that for claims of unlawful arrest, the "statute begins to run at the time the claimant becomes detained pursuant to legal process." *Wallace v. Kato* 549 U.S. 384, 397 (2007); *Dique v. New Jersey State Police*, 603 F.3d 181, 188 (3d Cir. 2010). A claim of false arrest, and the accompanying claim for false imprisonment, begins to accrue immediately upon the arrest at issue. *Wallace*, 549 U.S. at 389–90 & n. 3; *Singleton v. DA Philadelphia*, 411 F. App'x 470, 472 (3d Cir. 2011) (ruling that accrual of a claim for false arrest occurred on the date that the plaintiff "was arrested and charges were filed against him"); *Alexander v. Fletcher*, 367 F. App'x 289, 290–91 (3d Cir.

2010) (affirming the district court's conclusion that a § 1983 false arrest claim began to accrue on the date of arrest). Nevertheless, while the claim accrues upon arrest, the statute of limitations does not begin to run at the same time. Instead, the statute of limitations for a false arrest/imprisonment claim begins to run "when the individual is released, or becomes held pursuant to legal process," *i.e.*, is arraigned. *Alexander v. Fletcher*, 367 F. App'x at 290 n. 2 (citing *Wallace*, 549 U.S. at 389-90). Here, Plaintiff's § 1983 claims premised on his false arrest and/or false imprisonment in 2010 are time barred because they accrued, at the latest, at the time he was arraigned on the robbery charges, which was more than two years before he brought the instant Complaint, dated February 3, 2016. As such, the Court will dismiss without prejudice the claims for false arrest and false imprisonment as time barred.

Plaintiff claims that the Defendants conspired to falsely arrest and imprison him by planting the gloves are likewise time barred. "To demonstrate a conspiracy under § 1983, a plaintiff must show that two or more conspirators reached an agreement to deprive him or her of a constitutional right 'under color of law.'" *Parkway Garage, Inc. v. City of Phila.*, 5 F.3d 685, 700 (3d Cir. 1993), *abrogated on other grounds by United Artists Theatre Circuit, Inc. v. Twp. of Warrington*, 316 F.3d 392 (3d Cir. 2003). Plaintiff's allegations of conspiracy, however, do not preserve claims that are otherwise time barred, because a civil conspiracy cause of action accrues at the time of each overt act challenged. *See Wells v. Rockefeller*, 728 F.2d 209, 217 (3d Cir. 1984); *Cf. Sandutch v. Muroski*, 684 F.2d 252, 254 (3d Cir. 1982) (per curiam) (with regard to a claim alleging a conspiracy to secure false testimony, contemporaneous knowledge of false testimony led to accrual of cause of action, even if the plaintiff "may not have known all the facts necessary" to establish a conspiracy). Thus, to the extent that the Plaintiff wishes to "revive time-barred injuries" through allegations of conspiracy, he may not do so. *Wells*, 728 F.2d at

6

217; *see also Graff v. Kohlman*, 28 F. App'x 151, 154 (3d Cir. 2002) (rejecting the contention that later conduct "establishe[d] a 'continuing conspiracy' against [the plaintiff] that makes his April 4, 1999 filing timely" for harms dating from 1992 and 1993). As such, conspiracy claims arising from his false arrest and imprisonment in 2010 are dismissed without prejudice as time-barred.

### b. Malicious Prosecution

Plaintiff also appears to allege that he was maliciously prosecuted. Unlike false arrest and false imprisonment, the statute of limitations for a malicious prosecution claim under Section 1983 accrues on the day that the criminal proceedings against a plaintiff are terminated in his or her favor. *Torres v. McLaughlin*, 163 F.3d 169, 177 (3d Cir. 1998); *see also Kossler v. Crisanti*, 564 F.3d 181, 186–87 (3d Cir. 2009); *see also Ginter v. Skahill*, 298 F. App'x. 161, 163 (3d Cir. 2008) ("When false arrest is the basis of the § 1983 action, the statute of limitations normally begins to run at the time of arrest. Claims alleging malicious prosecution do not accrue until charges are dismissed.")(citing *Montgomery v. DeSimone*, 159 F.3d 120, 126 (3d Cir. 1998) and *Smith v. Holtz*, 87 F.3d 108, 111 (3d Cir. 1996)) (internal quotations omitted). As such, Plaintiff's claim for malicious prosecution did not accrue until he the charges were dismissed, which, according to his Amended Complaint, occurred in March 2015. (See ECF No. 1, Compl. at page 9.)

A claim for malicious prosecution in violation of the Fourth Amendment has the following elements: "(1) the defendants initiated a criminal proceeding; (2) the criminal proceeding ended in the plaintiff's favor; (3) the proceeding was initiated without probable cause; (4) the defendants acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered a deprivation of liberty consistent with the concept of seizure as a

consequence of a legal proceeding." *DiBella v. Borough of Beachwood*, 407 F.3d 599, 601 (3d Cir. 2005) (citing *Estate of Smith v. Marasco*, 318 F.3d 497, 521 (3d Cir. 2003)). The Court has reviewed the allegations in the Complaint and finds that Plaintiff has alleged sufficient facts to permit the malicious prosecution claims against Lt. Scott Buehler, Det. Joseph Anderson, and Det. C. Cunningham to proceed at this time.

The Court, however, will dismiss with prejudice the malicious prosecution claim against Assistant Prosecutor Kenneth Strait. A state prosecuting attorney who acts within the scope of his or her duties in initiating and pursuing a criminal prosecution is not amenable to suit for damages under § 1983. *See Imbler v. Pachtman*, 424 U.S. 409, 410, 430-31 (1976) ("[I]n initiating a prosecution and presenting the State's case, the prosecutor is immune from a civil suit for damages under [§ ] 1983" and actions relating to the initiation and prosecution of a criminal matter); *see also Arsad v. Means*, 365 F. App'x 327, 329 (3d Cir. 2010) (*per curiam*); *Clark v. Capaldi-Corsi*, Civ. No. 14-2142 RBK, 2015 WL 1541919, at *4 (D.N.J. Mar. 31, 2015).

Here, Plaintiff alleges that Assistant Prosecutor Kenneth Strait committed a *Brady* violation in an effort to induce Plaintiff to plead guilty. (See ECF No. 1, Compl. at page 8.) It is well established, however, that a prosecutor's failure to comply with *Brady* is a prosecutorial act entitled to absolute immunity. *See e.g. Gibson v. Superintendent of N.J. Dep't of Law & Pub. Safety-Division of State Police*, 411 F.3d 427, 444 (3d Cir. 2005) (finding that the prosecutors would have been immune from suit for *Brady* violation had they been so named); *Gibbs v. Deckers*, 234 F.Supp.2d 458, 462-63 (E.D. Pa. 2002) (holding that concealment of exculpatory evidence is protected by prosecutorial immunity); *Roberts v. Toal*, 1995 U.S. Dist. LEXIS 1492, at *8-*9 (E.D. Pa. 1995) (holding that absolute immunity protects prosecutor from decision not to release rape kit for DNA testing). The "handling of evidence is clearly within the sweep of

'initiating and presenting the State's case', and the prosecutor is immune from section 1983 liability for such decisions." *Henderson v. Fisher*, 631 F.2d 1115, 1120 (3d Cir. 1980) (quoting *Imbler*, 424 U.S. at 431). It is when prosecutors are performing their administrative or investigative duties for the county that qualified immunity applies. *Donahue v. Gavin*, 280 F.3d 371, 377 (3d Cir.2002). As such, the Court will dismiss with prejudice the malicious prosecution claims against Defendant Strait on the basis of prosecutorial immunity.

c. **Claims Against Defendant Coad**

The Court will also dismiss without prejudice the § 1983 claims against Defendant Coad because the facts alleged in the Complaint as to this Defendant do not suggest that his conduct violated Plaintiff's constitutional rights. Plaintiff alleges that Defendant Coad "knowing [that Plaintiff] was vindicated of the false charges in March 2015 [nevertheless] filed the case as solved and a match to [Plaintiff] in the N.J.S.P. Codis Casework DNA Data Exchange." (ECF No. 1, Compl. at 7.) It appears from the exhibits attached to Plaintiff's Complaint that Defendant Coad electronically signed the document entitled "Case Data Sheet" and indicated in an entry on August 23, 2010, that he had received a DNA lab report that stated that no conclusion could be reached regarding whether Plaintiff was a possible contributor to the DNA profiles obtained from the gloves. (ECF No. 1-1, at page 1.) Plaintiff has also attached to his Complaint a form entitled "NJSP Codis Casework DNA Match Data Exchange," which appears to have been sent from Joseph Mignone to Monica Ghammam on October 28, 2015. (*Id.* at 2.) The bottom of the document lists Defendant Coad's name and contact information. (*Id.*) Even assuming that Defendant Coad "filed the case as solved and a match to [Plaintiff] in the N.J.S.P. Codis Casework DNA Data Exchange," the Court cannot discern how that conduct violated Plaintiff's rights under 42 U.S.C. § 1983, which requires a plaintiff to show that the defendant, through

9

conduct sanctioned under the color of state law, deprived [him or] her of a federal constitutional or statutory right." *Gruenke*, 225 F.3d at 298. As such, the Court will dismiss the claims against Defendant Coad without prejudice.

### d. *Monell* Claim against the City of Montclair

The Court will also dismiss without prejudice the *Monell* claim against the City of Montclair, which is based on an impermissible theory of *respondeat superior*.[1] It is well established that "a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents." *Andrews v. City of Philadelphia*, 895 F.2d 1469, 1480 (3d Cir. 1990). Instead, it is when "execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury" that the government as an entity is responsible under § 1983. *Id* (citations omitted). A municipality's failure to adequately train its employees may give rise to a cause of action under § 1983 if the deficient training reflects a deliberate indifference to an individual's civil rights, and is "closely related to the ultimate injury." *Kline ex rel. Arndt v. Mansfield*, 255 F. App'x. 624, 629 (3d Cir. 2007) (citing *City of Canton v. Harris*, 489 U.S. 378, 388 (1989)). The Third Circuit Court of Appeals has noted that establishing municipal liability on a *Monell* claim for inadequate training is difficult. *Reitz v. County of Bucks*, 125 F.3d 139, 145 (3d Cir. 1997). Generally, deficient training can only amount to the requisite deliberate indifference "where the failure to train has caused a pattern of violations." *Berg v. County of Allegheny*, 219 F.3d 261, 276 (3d Cir. 2000). A "failure to train" *Monell* claim may proceed absent a pattern of violations if (1) a violation of federal rights may be a highly predictable consequence of a failure train officials to handle recurrent situations; and (2) the likelihood of recurrence and predictability of

---

[1] *See Monell v. Department of Social Services*, 436 U.S. 658 (1978).

the violation of a citizen's rights "could justify a finding that [the] policymakers' decision not to train an officer reflected 'deliberate indifference' to the obvious consequence of the policymakers' choice—namely, a violation of a specific constitutional or statutory right." *Kline*, 255 F. App'x. at 629 (quoting *Board of County Commissioners of Bryan County v. Brown*, 520 U.S. 397, 409 (1997)). Here, Plaintiff simply states that "[t]he Township of Montclair, N.J. employed the Defendants. As such, Montclair failed to screen, train, and properly supervise them." (ECF No. 1, Compl. at page 8.) Plaintiff's allegations fail to make out a cognizable *Monell* claim, and this claim and Defendant City of Montclair is dismissed without prejudice.

V. **CONCLUSION**

For the reasons explained in this Opinion, Plaintiff's false arrest and false imprisonment claims are dismissed without prejudice as time barred. His conspiracy claim in connection with his false arrest and false imprisonment claim is likewise dismissed without prejudice as time barred. The malicious prosecution claim shall proceed at this time against Defendants Lt. Scott Buehler, Det. Joseph Anderson, and Det. C. Cunningham. The malicious prosecution claim is dismissed with prejudice as to Defendant Assistant Prosecutor Kenneth Strait on the basis of prosecutorial immunity. The Complaint is dismissed without prejudice as to Defendant Coad and the City of Montclair for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B). With respect to the claims dismissed without prejudice, Plaintiff may seek to amend his Complaint in compliance with Fed. R. Civ. P. 15.[2] An appropriate Order follows.

---

[2] After submitting his Complaint, Plaintiff, who is currently incarcerated at Union County Jail, also submitted a letter that appears to be directed to the Warden at the Union County Jail. In that letter, Plaintiff appears to state that he is being held on new Burglary charges and that the State contends that it has Plaintiff's DNA at the Burglary scene and that the DNA is also a match to the DNA in the Codis Casework DNA Data Exchange for the 2010 Burglary in Montclair. Plaintiff's letter also references the instant lawsuit and appears to raise additional claims related to his incarceration at Union County Jail, including a request for "access to the courts." (ECF

11

_____
Madeline Cox Arleo, U.S.D.J.

Date: July 13, 2016

---

No. 3.) The Court does not construe this letter as an amended and/or supplemental complaint. To the extent Plaintiff seeks to amend his Complaint, he must submit an Amended Complaint that complies with the Federal and Local Civil Rules.

12