## UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| Chambers of<br>**STEVEN C. MANNION**<br>United States Magistrate Judge | Martin Luther King Jr, Federal Bldg.<br>& U.S. Courthouse<br>50 Walnut Street<br>Newark, NJ 07102<br>(973) 645-3827 |

October 6, 2016

### LETTER ORDER/OPINION

Re:  D.E. 9, Plaintiff's Request for Leave to File an Amended Complaint
     McNamara v. Buehler, et al.
     Civil Action No. 2:16-cv-00841 (MCA)(SCM)

Dear Litigants:

This matter comes before the Court by way of *Pro Se* Plaintiff Kevin McNamara's ("Mr. McNamara") request for leave to file an amended complaint.[1] Mr. McNamara seeks to amend his complaint to add a claim for economic damages against Lt. Scott Buehler, Det. Joseph Anderson, and Det. C. Cunningham ("Law Enforcement Defendants"), and to possibly add claims against Kenneth Strait, Assistant Prosecutor for the Township of Montclair.[2] In opposition, the Law Enforcement Defendants argue procedural and substantive defects with the motion.[3] There was no oral argument. For the reasons set forth herein, Mr. McNamara's request for leave to file an amended complaint is denied.

---

[1] (ECF Docket Entry ("D.E.") 9).

[2] (*Id.* at ¶¶ 3-6).

[3] (D.E. 18 at 1-2).

I.       MAGISTRATE JUDGE AUTHORITY

"The decision to grant a motion for leave to amend is within the sound discretion of the District Court."[4]  The District Court for this District has specified that magistrate judges may determine any non-dispositive pre-trial motion.[5]  "Motions to amend are usually considered non-dispositive motions."[6]  A magistrate judge's decision on a motion to amend must therefore be upheld unless "clearly erroneous or contrary to law."[7]

II.      LEAVE TO AMEND

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that a district court "should freely give leave" to amend pleadings "when justice so requires."[8]  A district court may alternatively deny a motion to amend where the amendment would result in undue delay, prejudice, or futility.[9]  "An amendment is futile if the amended complaint would not survive a motion to dismiss for failure to state a claim upon which relief could be granted."[10]  Thus in determining futility the same legal standard employed under a Rule 12(b)(6) motion to dismiss is applied.[11] The Court takes "all pleaded allegations as true and view[s] them in a light most favorable to the

---

[4] *Winer Family Trust v. Queen*, 503 F.3d 319, 331 (3d Cir. 2007).

[5] *See* L. Civ. R. 72.1(a)(1).

[6] *Thomas v. Ford Motor Co.*, 137 F. Supp. 2d 575, 579 (D.N.J. 2001).

[7] 28 U.S.C. § 636(b)(1)(A).

[8] Fed. R. Civ. P. 15(a)(2).

[9] *See Winer Family Tr.*, 503 F.3d at 330-31.

[10] *Gutwirth v. Woodford Cedar Run Wildlife Refuge*, 38 F. Supp. 3d 485, 488–89 (D.N.J. 2014) (quoting *Alvin v. Suzuki,* 227 F.3d 107, 121 (3d Cir.2000)).

[11] *See id.* at 488-89 (internal citations omitted).

plaintiff;" however, it "need not accept sweeping legal conclusions cast in the form of bald assertions, unwarranted inferences, or unsupported conclusions." [12] The complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[13] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[14]

### III. THE PROPOSED AMENDMENT

This matter involves allegations of civil rights violations in connection with Mr. McNamara's arrest and prosecution for burglary. [15] Mr. McNamara, a state prisoner proceeding *in forma pauperis*, filed his initial complaint on February 16, 2016.[16] The Court dismissed all of Mr. McNamara's claims except those for malicious prosecution against the Law Enforcement Defendants. [17] For example, the malicious prosecution claim against Assistant Prosecutor Kenneth Strait was dismissed with prejudice on the basis of prosecutorial immunity. [18]

On August 15, 2016, Mr. McNamara filed a motion for leave to file an amended complaint.[19] The motion proposes to add a claim for economic damages allegedly incurred in his

---

[12] *Winer Family Tr.*, 503 F.3d at 331; *Gutwirth*, 38 F. Supp. 3d at 489 (internal citations and quotation marks omitted).

[13] *Gutwirth*, 38 F. Supp. 3d at 489 (citing *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009)).

[14] *Matthews v. New Jersey Inst. of Tech.*, 717 F. Supp. 2d 447, 451 (D.N.J. 2010) (quoting *Ashcroft*, 556 U.S. at 662).

[15] (D.E. 1, 4).

[16] (D.E. 1).

[17] (D.E. 4 at 8).

[18] (D.E. 5).

[19] (D.E. 9).


criminal defense and appears to add claims against Assistant Prosecutor Kenneth Strait.[20] While Mr. McNamara sets forth some factual allegations, he has failed to submit a proposed amended complaint. The Third Circuit has explicitly stated that the failure to submit a draft amended complaint "is *fatal* to a request for leave to amend."[21] Since Mr. McNamara has not properly moved to amend his complaint, the Court finds that it must deny the deficient request to amend.

For these reasons, Mr. McNamara's request for leave to file an amended complaint is **DENIED** without prejudice. The Clerk's Office shall provide Plaintiff McNamara with a copy of this letter.

    **IT IS SO ORDERED.**



Honorable Steve Mannion, U.S.M.J.
United States District Court,
for the District of New Jersey
phone: 973-645-3827

10/6/2016 9:34:38 AM

Original: Clerk of the Court
Hon. Madeline Cox Arleo, U.S.D.J.
cc: All parties

    File
c (via U.S. Mail):

Mr. Kevin McNamara
# 20224738
Union County Jail
15 Elizabethtown Plaza
Elizabeth, NJ 07207

---

[20] (*Id.* at ¶¶ 3-6

[21] *McWreath v. Range Resources-Appalachia, LLC*, 645 F. App'x 190, 196 (3d Cir. 2016) (internal citations omitted) (emphasis added).