UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

NOT FOR PUBLICATION

| | |
|---|---|
| KEVIN MCNAMARA,<br><br>　　　　Plaintiff,<br><br>v.<br><br>BUEHLER, et al.<br><br>　　　　Defendants. | Civil Action No.<br><br>2:16-CV-841-MCA-SCM<br><br>ON ORDER TO SHOW CAUSE FOR FAILURE TO COMPLY WITH COURT RULES AND ORDERS |

**REPORT AND RECOMMENDATION**

**STEVEN C. MANNION**, United States Magistrate Judge.

Before this Court is a *sua sponte* Order to Show Cause as to why this case should not be dismissed for Plaintiff Kevin McNamara's ("Mr. McNamara") failure to comply with this Court's orders.[1] For the reasons stated below, it is respectfully recommended that this case be **DISMISSED WITH PREJUDICE**.

**I.   BACKGROUND AND PROCEDURAL HISTORY**

Mr. McNamara's civil rights complaint was filed on February 16, 2016.[2] After four months of inactivity from Mr. McNamara and correspondence from defense counsel that mail to Mr. McNamara was being returned, on December 11, 2017, the Court issued a Letter Order to Show

---

[1] (ECF Docket Entry ("D.E.") 47, Order). The Court will refer to documents by their document entry number and page numbers assigned by the Electronic Case Filing System.

[2] (D.E. 1, Compl.).

Cause as to why this case should not be dismissed.[3] The Letter Order mailed to Mr. McNamara was returned as undeliverable, and he has not responded.[4] Defense counsel have since advised that Mr. McNamara has still not contacted them.[5]

## II.  LEGAL STANDARD AND ANALYSIS

Rule "37(b) authorizes the [C]ourt to strike a party's pleading or dismiss the action as sanction for failure to provide or permit discovery."[6] Rule 16(f) allows "the Court to impose the same sanctions against a party who fails to appear at a pretrial conference or comply with a pretrial order."[7] In the case of "*Poulis v. State Farm and Casualty Co.* ... the Third Circuit identified six factors that courts should balance when deciding whether to sanction a party by curtailing the right to proceed with or defend against a claim."[8]

The factors set forth in *Poulis* are:

(1) [t]he extent of the [noncompliant] party's personal responsibility; (2) the prejudice to the adversary caused by the ... [noncompliant party's] conduct; (3) the [noncompliant party's] history of dilatoriness; (4) whether the conduct of the [noncompliant] party or ... [his] attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim.[9]

---

[3] (D.E. 47, Order).

[4] (D.E. 48).

[5] (D.E. 54, Letter).

[6] *See Finn v. Bayer Healthcare Pharm., Inc.*, No. CV161005SDWLDW, 2016 WL 7826806, at *1 (D.N.J. Dec. 21, 2016), *report and recommendation adopted*, No. CV161005SDWLDW, 2017 WL 187154 (D.N.J. Jan. 17, 2017).

[7] *Id.*

[8] *Id.*

[9] *See Linwood Trading Ltd v. Am. Metal Recycling Servs.*, No. CV 14-5782 (CCC), 2017 WL 2825934, at *1 (D.N.J. June 1, 2017), *report and recommendation adopted sub nom. Linwood*

None of the *Poulis* factors are determinative, however, "and dismissal may be appropriate even if some of the factors are not met."[10]

In the case of *Macon v. City of Asbury Park*, this Court found the *Poulis* test to be satisfied when the plaintiff failed, even after an order to show cause, to update his contact information with the Court or maintain contact with the defendant.[11] Because Mr. McNamara's conduct is analogous to that of the plaintiff in *Macon*, it is respectfully recommended that this case be dismissed with prejudice.

A.  *Extent of the Noncompliant Party's Personal Responsibility*

The first *Poulis* factor calls for the Court to determine whether the noncompliant party was personally responsible for his failure to comply with the Court's pretrial order.[12] The Court in *Macon* found the plaintiff to be personally responsible for his failure to provide the Court or counsel with updated contact information.[13] The Court considered the plaintiff's provision of such basic information to be a fundamental duty.[14]

Like the plaintiff in *Macon*, Mr. McNamara is solely responsible for his failure to provide the Court or defense counsel with his updated contact information. By not doing so, he, like the

---

*Trading Ltd. v. Am. Metal Recycling Servs.*, No. CV 14-5782-CCC-JBC, 2017 WL 2804948 (D.N.J. June 28, 2017).

[10] *See Finn*, No. CV161005SDWLDW, 2016 WL at *2.

[11] *See Macon v. City of Asbury Park*, No. 07-1413MLC, 2008 WL 1882899, at *2 (D.N.J. Apr. 24, 2008).

[12] *See Hicks v. Feeney*, 124 F.R.D. 79, 82 (D. Del. 1987), aff'd, 850 F.2d 152 (3d Cir. 1988).

[13] *See Macon*, No. 07-1413MLC, 2008 WL at *2.

[14] *Id.*

plaintiff in *Macon*, failed to do his duty. The first *Poulis* factor, therefore, weighs in favor of dismissing Mr. McNamara's case.

B.      *Prejudice to the Adversary Caused by the Noncompliant Party's Conduct*

The second *Poulis* factor requires that the Court assess the prejudice suffered by the noncompliant party's adversary due to the noncompliant party's failure to comply with the Court's pretrial order.[15] The Court in *Macon* concluded that the defendant was prejudiced by the plaintiff's failure to provide the Court with updated contact information "insofar as [the defendant was] required to search out [the p]laintiff."[16]

Like the defendant in *Macon*, the defendants in this case have been prejudiced by Mr. McNamara's failure to provide the Court with updated contact information in that they have been required "to search [him] out."[17] Only after sending their answers to Mr. McNamara's interrogatories to the address he provided to the Court (the Union County Jail in Elizabeth, New Jersey) did the defendants discover that he was no longer incarcerated there.[18] They were then forced to come to the Court for assistance in locating Mr. McNamara.[19] Even after taking this step, however, the defendants were unable to reach Mr. McNamara because of his failure to comply with the Court's order to show cause.[20] The second *Poulis* factor, therefore, weighs in favor of dismissing Mr. McNamara's case.

---

[15] *See Hicks*, 124 F.R.D. at 82.

[16] *See Macon*, No. 07-1413MLC, 2008 WL at *2.

[17] *Id.*

[18] (D.E. 46, Letter).

[19] *Id.*

[20] (D.E. 54, Letter).

4

C.   *Noncompliant Party's History of Dilatoriness*

The third *Poulis* factor calls for the Court to determine whether the noncompliant party has a history of "delay or delinquency."[21] The Court in *Macon* found the "[p]laintiff's behavior in prosecuting his case[, namely, his failure to provide the Court with updated contact information or communicate with defense counsel,]" to qualify as a history of delay.[22] In fact, the Court noted that, "to the extent the … case … [had] been delayed, the delay … [was] purely the result of [the p]laintiff's inaction."[23]

Like the plaintiff in *Macon*, Mr. McNamara has delayed this case by failing to provide the Court with updated contact information or communicate with defense counsel. In fact, his inaction has needlessly prevented this matter from progressing at all for over a year. The third *Poulis* factor, therefore, weighs in favor of dismissing Mr. McNamara's case.

D.   *Whether the Conduct of the Noncompliant Party Was Willful or in Bad Faith*

The fourth *Poulis* factor demands that the Court assess whether the noncompliant party acted willfully or in bad faith when he failed to comply with the Court's pretrial order.[24] In *Macon*, the Court held "that although it … [was] unable to assert that [the p]laintiff's inaction … [was the] result of bad faith, it … [was] clear that his failure to participate in his case … [was] at least knowing, if not willful."[25]

---

[21] *See Kubo v. Rossi*, No. 09-CV-4771 DMC, 2012 WL 1716240, at *3 (D.N.J. Apr. 25, 2012), *report and recommendation adopted*, No. 09-CV-4771 DMC-MF, 2012 WL 1715624 (D.N.J. May 15, 2012).

[22] *See Macon*, No. 07-1413MLC, 2008 WL at *2.

[23] *Id.*

[24] *See Macon*, No. 07-1413MLC, 2008 WL at *2.

[25] *Id.*

5

As it was in *Macon*, it is clear in this instance that Mr. McNamara has acted at least knowingly, if not willfully, in failing to participate in his *own* case.[26] The fourth *Poulis* factor, therefore, weighs in favor of dismissing Mr. McNamara's case.

E. *Effectiveness of Sanctions Other Than Dismissal*

The fifth *Poulis* factor calls for the Court to examine whether other sanctions would be effective.[27] In *Macon*, the Court held that, "although dismissal as a sanction should be one of last resort," because, by failing to provide the Court with updated contact information or communicate with defense counsel, the plaintiff "demonstrated a lack of interest in proceeding" with his case, no lesser alternative existed.[28]

The same is true in this case. By failing, even after an order to show cause, to provide the Court with updated contact information or communicate with defense counsel, Mr. McNamara, like the plaintiff in *Macon*, has "demonstrated a lack of interest in proceeding" with his case.[29] Thus, as was the case in *Macon*, "no ... alternative[ to dismissal] exists."[30] The fifth *Poulis* factor, therefore, weighs in favor of dismissing Mr. McNamara's case.

---

[26] *Id.*

[27] *Id.*

[28] *Id.*

[29] *Id.*

[30] *Id.*

F.  *Meritoriousness of the Claim*

The sixth *Poulis* factor directs the Court to analyze the meritoriousness of the noncompliant party's claims or defenses.[31] In *Macon*, as it has done in other cases,[32] the Court elected not to address the sixth factor because "the other factors outlined in *Poulis* weigh[ed] heavily in favor of dismissal,"[33] and since *Poulis* is a balancing test, "[e]ach factor need not be satisfied."[34]

Because in this case, like in *Macon*, the first five *Poulis* factors "weigh heavily in favor of dismissal," the Court elects not to address the sixth factor.[35]

### III. CONCLUSION

For the reasons articulated herein, the undersigned respectfully recommends that Mr. McNamara's case be **DISMISSED WITH PREJUDICE**. The parties have fourteen days to file and serve any objections to this Report and Recommendation.[36] "The District Court need not consider frivolous, conclusive, or general objections."[37] The Clerk of the Court shall mail a copy

---

[31] *See Vanz, LLC v. Mattia & Assocs.*, No. 213CV01392SDWSCM, 2017 WL 581344, at *3 (D.N.J. Jan. 25, 2017), *report and recommendation adopted,* No. 13CV1392SDWSCM, 2017 WL 555987 (D.N.J. Feb. 10, 2017).

[32] *Id.*

[33] *See Macon*, No. 07-1413MLC, 2008 WL at *2.

[34] *See Vanz, LLC*, No. 213CV01392SDWSCM, 2017 WL at *3.

[35] *See Macon*, No. 07-1413MLC, 2008 WL at *2.

[36] 28 U.S.C. § 636; L. Civ. R. 72(b)(2).

[37] *See Battles v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir.1987).

of this Report and Recommendation to Mr. McNamara's last known address.



*Steve C. Mannion*

Honorable Steve Mannion, U.S.M.J.
United States District Court,
for the District of New Jersey
phone: 973-645-3827

11/16/2018 7:13:15 PM

Original: Clerk of the Court
Hon. Madeline Cox Arleo, U.S.D.J.
cc: All parties
   File

c (via U.S. Mail):

Mr. Kevin McNamara
20224738
Union County Jail
15 Elizabethtown Plaza
Elizabeth, NJ 07207